HENRY H. GAGE*

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed April 17, 1906—Rehearing denied June 7, 1906.*

SPECIAL ASSESSMENTS—*provision requiring filing of certificate as to amount and date of first voucher is directory.* Section 42 of the Local Improvement act, requiring the board of local improvements to file in the office of the clerk of the court in which the assessment was confirmed, a certificate of the date and amount of the first voucher "within thirty days after the issuance thereof," is directory only, and while the filing of such certificate is a condition precedent to delinquency, the mere failure to file it within thirty days does not prevent the delinquency from arising if proper proceedings are had after it is filed.

*Consolidated case, being Nos. 4506, 4508, 4512 and 4514.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This is a consolidation of four cases in this court. All are between the same parties. Each bears the same title, and is an appeal by Gage from a judgment and order of sale made by the county court of Cook county in a special assessment proceeding. The cases in this court are numbered 4506, 4508, 4512 and 4514. In each case appellant filed an objection to the entry of judgment and order of sale on the ground that certain sections of the Local Improvement act were not complied with, for the reason that a certificate of the amount and date of the first voucher was not filed in said court within thirty days after the issuance of that voucher, and it was contended that as a consequence no delinquency existed. The objection was overruled in each case, and the judgments of sale from which these appeals were prosecuted were entered. Additional objections, which question the form and substance of the judgments themselves, appear from the assignments of error.

F. W. BECKER, for appellant.

ROBERT REDFIELD, and JOHN M. O'CONNOR, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Section 42 of the Local Improvement act, being section 548 of chapter 24, Hurd's Revised Statutes of 1903, among other things provides: "It is hereby made the duty of the board of local improvements to file in the office of the clerk of the court in which such assessment was confirmed, a certificate signed by its secretary, of the date of said first voucher, and of the amount thereof, within thirty (30) days after the issuance thereof." In each of the cases now before us this certificate so required to be filed was not filed until

after the expiration of the thirty days, and appellant contends that the filing of that certificate within the thirty days is a condition precedent to the issuance of the warrant to collect the assessment,—that is, the assessment will not become delinquent unless the certificate has been filed within the thirty days. Section 61 of the same act provides that within thirty days after the filing of the certificate mentioned, in the language above quoted from section 42, the clerk shall certify the assessment roll and judgment to the proper officer of the city, accompanied by a warrant for the collection of the assessment; and section 63 of the act provides that the collector, upon receiving such warrant, shall immediately give notice thereof by publishing or posting a notice directing all persons interested to call and pay their assessments "within thirty days from the date hereof,"—that is, within thirty days from the date of the notice given by the collector. Section 65 of the same act provides, that it shall be the duty of the collector, on or before the first day of April in each year, to make a report, in writing, to the officer of the county who is authorized to apply for judgment for taxes, which report shall show the real estate upon which he has been unable to collect special assessments, etc., the purpose being to enable such officer of the county to apply for and obtain such judgments as were obtained in these cases.

We are of the opinion that the provision of section 42, *supra,* which requires the certificate to be filed within thirty days after the issuance of the first voucher, is directory, and not mandatory. A delay beyond the thirty days in the filing of that certificate would in no manner prejudice the rights of the property owner. No delinquency can be created until after that certificate is filed, but mere failure to file it within the thirty days will not prevent the delinquency arising if the proper proceedings are taken after it is filed. It follows that the objection in each case was properly overruled by the county court.

221—34

It is urged that there are two judgments in each case. This point is based on a misapprehension of the condition of the records. An examination of each transcript reveals but one judgment. It is also said that the judgments do not conform to the statute. We think that they are in substantial compliance with the requirements of the law.

Each of the judgments of the county court will be affirmed.

*Judgments affirmed.*